**FILED**

FEB 1 3 2012



UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| KELLY G. CRAGOE | CIV. 11-4188 |
| Plaintiff, | |
| vs. | ORDER GRANTING IN FORMA PAUPERIS STATUS and |
| ROBERT MAXWELL; DAVID NELSON; BLAINE ROSS; and JAMES MITZEL, | DISMISSING CASE |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## INTRODUCTION

Plaintiff, Kelly Cragoe, is an inmate at the Mike Durfee State Prison (MDSP) in Springfield, South Dakota. He filed the above-captioned *pro se* lawsuit on December 22, 2011. He has filed an Application to Proceed *In Forma Pauperis* (Doc. 4) and a Motion For Appointment of Counsel (Doc.5). Although Cragoe has not yet been allowed to proceed *in forma pauperis* and service of his lawsuit has not yet been ordered, Cragoe has attempted to serve the suit papers by mailing them to the various Defendants. *See* Doc. 13, 14, 15, 16. The Court has, as it must, "screened" Cragoe's Complaint pursuant to 28 U.S.C. § 1915A. For the reasons explained below, Cragoe's Complaint will be dismissed.

## BACKGROUND

Because Cragoe's Complaint is not on the form commonly provided to prisoners for pursuing civil rights causes of action under 42 U.S.C. § 1983, it is unclear whether Cragoe intends his claims to be so construed. The civil cover sheet completed by Cragoe states the basis for federal jurisdiction is "diversity of citizenship" although he indicates that both Plaintiff and Defendants are citizens of South Dakota. The "U.S. civil statute" under which he indicates he is filing is "SDCL 22-22-7," the South Dakota code section criminalizing sexual contact with a minor under the age of sixteen years.

In his Complaint, Cragoe claims that when he was fifteen (15) years old, he was sexually

assaulted by Defendant Maxwell. Cragoe claims he reported the assault to Defendants Ross and Mitzel "during the interview of Plaintiff on an unrelated case." Cragoe alleges that neither Ross nor Mitzel investigated his claim, which resulted in Maxwell's ability to "continue assaulting teenage boys." Cragoe claims Maxwell's assault was also relayed to Defendant Nelson but that Nelson likewise did nothing to investigate Cragoe's allegations.

Cragoe requests two forms of relief from the Court. First, he asks the Court to initiate criminal charges against Defendants Ross, Mitzel and Nelson for their alleged failure to investigate Cragoe's allegations against Maxwell, which Cragoe believes allowed Maxwell "to continue assaulting teenage boys." Second, Cragoe requests monetary compensation for pain, suffering, humiliation and abuse inflicted upon him by the Defendants, along with a written apology/explanation for "why he was assaulted and why he was denied justice."

## DISCUSSION

Cragoe's claims are not viable and must be dismissed, whether they are construed as civil rights claims under 42 U.S.C. § 1983 or common law tort claims.

### 1. Cragoe's Motion for In Forma Pauperis Status

It satisfactorily appears from the prison records that the average monthly deposits to plaintiff's prisoner trust account for the past six months was $110.00, and that his average monthly balance for the past six months was $136.70. The current balance of plaintiff's prison account is $144.65. Accordingly, the Court finds that plaintiff is required by the Prison Litigation Reform Act, 28 U.S.C. § 1915, to make an initial partial filing fee of $27.34.

### 2. The Court Cannot Initiate Criminal Charges

Cragoe alleges that, when he was fifteen years old, he was sexually assaulted by Maxwell . Cragoe further alleges he reported the assault to the remaining Defendants but they failed to investigate his allegations. Cragoe asks the Court to bring criminal charges against the Defendants for their failure to investigate. This Court has no authority to order that state criminal charges be

brought against Defendants. "Whether to prosecute and what criminal charges to file or bring are decisions that generally rest in the prosecutor's not the court's discretion." *Smith v. Powers*, 1998 WL 355818 (N.D. Cal) (prisoner § 1983 lawsuit requesting criminal charges against jailer dismissed on screening). "Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *United States v. Batchelder*, 442 U.S. 114, 124, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979). *See also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal code provides no basis for civil liability). If Cragoe believes criminal charges are appropriate for whatever reason, this Court is not the proper entity to initiate those proceedings. *Smith*, 1998 WL 355818 at fn.1. Cragoe's request for state criminal charges against the Defendants requests relief which this Court does not have the authority to give him. *See also Ray v. Dept. of Justice* 508 F.Supp. 724, 725 (E.D. Mo. 1981) ("It is well settled that initiation of federal criminal prosecution is a discretionary decision within the Executive Branch not subject to judicial compulsion.")(*citing, United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965); 28 U.S.C. § 547(1).

### 3. The Court Has No Subject Matter Jurisdiction Over Cragoe's Purported Tort Claim.

"Federal subject matter jurisdiction may be raised at any time during litigation and must be raised *sua sponte* by a federal court when there is an indication that jurisdiction is lacking. . . . Unlike state courts, federal courts are courts of limited, not general, jurisdiction." *Alumax Mill Products, Inc. v. Congress Financial Corp.*, 912 F.2d 996, 1002 (8th Cir. 1990). While the jurisdictional statement contained in Cragoe's Complaint is not clear, he indicates in the Civil Cover Sheet that the nature of his lawsuit is a "personal injury tort" and he bases jurisdiction of this Court upon "diversity of citizenship." Cragoe also claims on the Civil Cover Sheet, however, that both the Plaintiff and Defendant are citizens of South Dakota.

It is noted that Sergeant Ellingson of the Brandon Police Department wrote a letter to Cragoe indicating that Defendant Ross retired in 1999 and moved out of state. Doc. 14. Defendant Dave Nelson, however, is well known in the State of South Dakota as the former Minnehaha County States Attorney. Nelson currently serves as the Chairperson of the South Dakota Department of

Corrections Board of Pardons and Paroles. *See* http://doc.sd.gov/parole/. "Subject matter jurisdiction asserted under 28 U.S.C. § 1332 [diversity of citizenship] may be maintained only where there is complete diversity, that is 'where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" *Junk v. Terminix International Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (citations omitted). Because complete diversity between Cragoe and the Defendants is lacking, the Court lacks subject matter jurisdiction over his purported claims.

### 4. The Statute of Limitations for Cragoe's Claims Has Expired

Finally, whether Cragoe's claims are construed as civil rights claims under 42 U.S.C. § 1983 or state law tort claims, they are barred by the applicable statute of limitations. The factual basis for the claims contained in Cragoe's Complaint is his assertion that when he was fifteen, he was sexually assaulted by Defendant Maxwell. Cragoe asserts he told the remaining Defendants about Maxwell's assault, but they did nothing. Cragoe does not include the specific dates of these events in his Complaint. The Court, however, takes judicial notice of *State v. Cragoe*, 514 N.W.2d 396 (S.D. 1994). In that case, the South Dakota Supreme Court describes Cragoe's criminal convictions for first degree rape and sexual contact with a child. Cragoe began sexually molesting children at the age of fifteen "and believed he was justified in molesting them because he claimed to have been molested at age fifteen." *Id.* at 397. The South Dakota Supreme Court noted Cragoe was twenty years old in 1992. *Id.* In other words, Cragoe is currently approximately forty (40) years old. He has been making this same claim that he was sexually molested at age fifteen since he was fifteen years old--or for the past twenty-five years. *Id.*

In South Dakota, civil rights claims based on 42 U.S.C. § 1983 are subject to a three year statute of limitations. *See* SDCL § 15-2-15.2 which states:

**15-2-15.2. Time for bringing action under federal civil rights statutes**

Any action brought under the federal civil rights statutes may be commenced only within three years after the alleged constitutional deprivation has occurred. This section is prospective in application.

Although the statute of limitations is an affirmative defense, "a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915(d) when it is apparent the statute of

4

limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (citations omitted).

Because it is clear the events referred to in Cragoe's Complaint happened nearly twenty-five years ago, and it appears that Defendant Ross retired from his job with the Brandon Police Department thirteen years ago, it is clear the three year statute of limitations has expired.

The statute has likewise expired for Cragoe's sexual abuse and/or personal injury claims. In South Dakota, the statute of limitations for a civil action arising out of the sexual abuse of a child is three years. SDCL 26-10-25 states:

> **26-10-25. Time for commencing action for damages resulting from childhood sexual abuse**
>
> Any civil action based on intentional conduct brought by any person for recovery of damages for injury suffered as a result of childhood sexual abuse shall be commenced within three years of the act alleged to have caused the injury or condition, or three years of the time the victim discovered or reasonably should have discovered that the injury or condition was caused by the act, whichever period expires later. However, no person who has reached the age of forty years may recover damages from any person or entity other than the person who perpetrated the actual act of sexual abuse.

Cragoe discovered his alleged injury nearly twenty-five years ago, when he was fifteen years old. Even applying the tolling provisions of SDCL §§ 15-2-22, 26-1-1 discussed in fn 1 below, the statute of limitations for a cause of action based upon childhood sexual abuse has expired. *See also Boadwine v. Boadwine*, Civ. No. 94-1015 (D.S.D. Northern Div.) Doc. 35 (dismissing plaintiff/non-prisoner's childhood sexual abuse claim on SDCL 26-10-25 statute of limitations grounds).

The statute of limitations for personal injury is three years. SDCL 15-2-14 states in relevant part:

> **15-2-14. Action against sheriff, coroner, or constable--Action for statutory penalty or forfeiture--Action for personal injury**
>
> Except where in special cases, a different limitation is prescribed by statute, the following civil actions other than for the recovery of real property can be commenced only within three years after the cause of action shall have accrued:

5

\*\*\*
\*\*\*
(3) An action for personal injury

Because the statute of limitations has expired for every conceivable cause of action alleged in Cragoe's Complaint, it must be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).[1]

### 5.   Cragoe's Filing Fees.

If Cragoe's suit had been allowed to proceed and he prevailed on the merits, he would have recovered the filing fee. Both the legislative history and the case law interpreting the Prison Litigation Reform Act, however, instruct that unsuccessful prison litigants, like any other litigants, do not get their filing fees back if their cases are dismissed. That Plaintiff's case is dismissed pursuant to the screening procedures of § 1915 does not negate his obligation to pay the fee. *In Re: Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his Complaint with the Court, and it cannot be avoided merely because the case is eventually dismissed as frivolous. *Anderson v. Sundquist*, 1 F.Supp.2d 828, 830 n. 5 (W.D. Tenn. 1998). One of the purposes of the Prison Litigation Reform Act is to

> require the prisoners to pay a very small share of the large burden they place on the Federal judicial system by paying a small filing fee upon commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively. Prisoners will have to make the same decision that law abiding Americans must make:

---

[1] Plaintiff's cause of action would have been tolled during his age of minority (i.e. until he was eighteen years old). *See* SDCL §§ 15-2-22, 26-1-1. However, "the period during which the action shall be brought cannot be extended more than five years by any disability except infancy, nor can it be extended in any case longer than one year after the disability ceases." *Id.* Because approximately twenty-five years have passed since the date of the incident which forms the basis of Cragoe's claims, even the tolling provision cannot save his claims. *See Crisp v. Schultis*, 507 N.W.2d 567 (S.D. 1993) (when plaintiff was injured while a minor and reached age of majority more than one year before three year statute of limitations expired, he was required to commence his cause of action either before statute expired or within one year after he attained age of majority, whichever was longer--three year limitations period was not tolled to allow him to file his lawsuit within three years of reaching age of majority).

6

> Is the lawsuit worth the price?

*Roller v. Gunn*, 107 F.3d 227, 231 (4th Cir. 1997) (quoting 141 Cong. Rec. at S7526 (May 25, 1995) *See also In Re: Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). Cragoe remains responsible payment of the entire $350.00 filing fee.

Cragoe is advised that the dismissal of this lawsuit will be considered a "strike" for purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## **CONCLUSION and ORDER**

Cragoe's Complaint insufficient to state a claim upon which relief may be granted because (1) he requests relief the Court does not have the authority to grant; (2) this Court does not have subject matter jurisdiction; and (3) it is clear that all his claims are barred by the applicable statute of limitations. It is therefore ORDERED:

(1) Plaintiff's Motion for in forma pauperis status (Doc. 4) is GRANTED. Plaintiff remains responsible for payment of the entire $350 filing fee.

(2) Plaintiff shall make an initial partial fee payment for docketing and filing fees in the amount of $27.34 to the clerk of this court on or before March 30, 2012.

(3) The institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10.00, monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account shall be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

(4) Plaintiff's Complaint is DISMISSED, without prejudice, for failure to state a

claim upon which relief may be granted pursuant to 28 U.S.C. § §§ 1915(e)(2)(B)(ii) and 1915A(b)(1);

(5) All other pending motions (Docs. 5, 7, 10, 20 and 22) are DENIED as moot.

Dated this 13th day of February, 2012.

BY THE COURT:

*Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk
By_____
Deputy